

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTHONY DONATO,

                    Petitioner,

    -against-

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-5617 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Anthony Donato brings this pro se Petition for Writ of Habeas Corpus, pursuant to 28

U.S.C. § 2255, challenging his 2008 conviction by plea of one count of conspiracy to murder in

aid of racketeering. He argues that his plea was obtained in violation of the Fifth and Sixth

Amendments because: (1) the government withheld a supposedly exculpatory letter written by a

cooperating witness; (2) the court denied a discovery request for production of the cooperating

witness's letter; and (3) counsel was ineffective for (a) misrepresenting the court's ability to

modify the prison time stipulated in the plea agreement, (b) failing to file an interlocutory appeal

challenging the withholding of the cooperating witness's letter, (c) failing to investigate fully the

claims alleged in the cooperating witness's letter, and (d) failing to seek a continuance of

Donato's plea hearing. Donato also moves for an evidentiary hearing on his ineffective

assistance of counsel claim and has made various discovery requests related to his Petition. For

the reasons set forth below, Donato's Petition, his request for an evidentiary hearing, and his

discovery requests are DENIED.

## I.    BACKGROUND

Donato was a soldier of the Bonanno organized crime family of La Cosa Nostra. (Gov't Opp'n (Docket Entry # 14) at 2.) In 2004, a grand jury sitting in the Eastern District of New York returned a second superseding indictment charging Donato, as well as other members of the Bonanno family, with racketeering conspiracy and illegal gambling. (Id.) On November 8, 2005, he pled guilty to those crimes pursuant to a third superseding indictment. (Id.)

On August 6, 2008, following a ninth superseding indictment, Donato pled guilty to conspiracy to murder in aid of racketeering pursuant to a plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C). (Plea Agreement (Docket Entry # 14-2) at 2.) The agreement stipulated to a twenty-five year prison sentence on the 2004 indictment and a ten-year sentence on the 2008 indictment, to run concurrently. (Id.) On December 16, 2008, the court sentenced Donato to the stipulated concurrent terms of twenty-five years' and ten years' imprisonment. Sentencing Tr., United States v. Basciano, No. 05-CR-60 (NGG) (E.D.N.Y. Jan. 28, 2009), Docket Entry # 618, at 15-16. Donato did not appeal his sentence or conviction.

On December 18, 2009, Donato filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. (Pet. (Docket Entry # 1).) He claimed: (1) that his plea was obtained involuntarily, in violation of the Fifth Amendment, because the Government failed to disclose a supposedly exculpatory seven-page letter written by a cooperating witness (the "witness letter"), which Donato claims would have supported a defense theory that another cooperating witness, Dominick Cicale, had fabricated his story regarding Donato's involvement in the alleged murder (Pet. at 4-5); (2) that this court's decision to deny his discovery request for the witness letter resulted in a violation of the Fifth Amendment (id. at 8); and (3) that he received ineffective assistance of counsel because counsel (a) misrepresented the court's ability to apply a sentence

below the stipulated prison term (id. at 6), (b) failed to file an interlocutory appeal of the denial of Donato's discovery request for the witness letter (id. at 7), and (c) failed to investigate the claims alleged in the witness letter (id. at 9). On March 19, 2010, the court granted Donato's motion to amend his Petition to add a claim that counsel was ineffective for failing to seek a continuance of his plea hearing. (See Mot. to Amend (Docket Entry # 10); Order of Mar. 19, 2010 (Docket Entry # 12).) The Government filed a memorandum of law in opposition to the Petition (Gov't Opp'n), and Donato replied (Pet'r Reply (Docket Entry # 22)) and later submitted a supplemental memorandum of law (Docket Entry # 29). He has also made a number of discovery requests related to his Petition (see Docket Entry ## 15, 23, 25, 28) and has moved for an evidentiary hearing on his ineffective assistance claim (Docket Entry ## 25, 32).

## II.  DISCUSSION

### A.  Procedurally Barred Claims

Respondent argues that all of Donato's claims, except for his ineffective assistance of counsel claim, are procedurally barred. (Gov't Opp'n at 8-11.) As the Government points out, "if a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish [1] both cause for the procedural default and actual prejudice resulting therefrom or [2] that he is 'actually innocent' of the crime of which he was convicted." DeJesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998); see also United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995). Donato failed to appeal either his conviction or his sentence and, for the reasons that follow, he can establish neither cause for his procedural default nor actual innocence; his claims are therefore barred from habeas review.

1.    Cause

Donato argues that he did not bring his claims on direct appeal because: (1) the claims consist of "evidentiary fact findings" that are "better suited in a [§] 2255" petition; and (2) he waived his right to appeal in the plea agreement. (Pet. at 10.) Neither of these grounds can establish cause for Donato's procedural default.[1]

First, it is of no moment that Donato considers a § 2255 proceeding to be a "better" forum than a direct appeal for resolving his claims. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense *impeded* counsel's efforts to comply with the . . . procedural rule." Coleman v. Thompson, 501 U.S. 722, 752 (1991) (emphasis added). Even assuming that the evidence supporting Donato's claims is better developed in a district court, this fact surely did not prevent Donato's counsel from filing an appeal.

Indeed, the Government provided Donato with the general contents of the witness letter—the main piece of evidence Donato claims is in need of development—prior to his plea. See Mem. & Order of July 23, 2008, Basciano, Docket Entry # 497, at 7 ("As for the Cicale-related material, the Government has disclosed to all Defendants the details of the allegations against Cicale; the name of the witness who made the allegations and contact information for his attorney; affidavits prepared by prison employees during an internal investigation into the matter; and the results of the Government's investigation into the matter, namely that Cicale denies the allegations."). Donato is therefore in the same position with respect to the witness letter now as he was at the time of his plea, and could just as easily have raised the arguments regarding the letter on direct appeal as in his § 2255 Petition. See

---

[1]    Because Donato has not established cause for the procedural default, there is no need for the court to address whether he suffered prejudice from that default. See Indelicato v. United States, No. 09-CV-5228 (NGG), 2012 WL 1940835, at *3 (E.D.N.Y. May 29, 2012).

Indelicato v. United States, No. 09-CV-5228 (NGG), 2012 WL 1940835, at *3 (E.D.N.Y. May 29, 2012) (government's failure to disclose the same witness letter did not establish cause for the petitioner's procedural default).

Second, Donato suggests that he has established cause for failing to bring a direct appeal because he waived the right to file a direct appeal in his plea agreement. (Pet. at 10.) The Second Circuit has held, however, "that a waiver of appeal provision in a plea agreement d[oes] not constitute 'cause' for failing to take a direct appeal." Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) (per curiam); see also Pipitone, 67 F.3d at 38-39; Alshalabi v. United States, No. 08-CV-2734 (RJD), 2012 WL 727911, at *5 (E.D.N.Y. Mar. 6, 2012) ("[T]he Circuit has squarely held that the waiver of direct appeal rights in a plea agreement cannot be considered 'cause' to excuse a defaulted 2255 claim.").

It might at first glance seem odd to fault Donato for failing to bring an appeal that he expressly agreed not to bring, but such a result—in addition to being compelled by Second Circuit precedent—is sensible because nothing prevented Donato from challenging, on direct appeal, the *process by which the plea agreement was obtained.* See United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) ("Even if the plain language of the plea agreement barred this appeal [the court] would not enforce such a waiver of appellate rights in this case because the defendant is challenging the constitutionality of the process by which he waived those rights."); Alshalabi, 2012 WL 727911, at *5 (stating that the waiver of appellate rights in the petitioner's plea agreement did "not constitute cause to excuse [petitioner's] failure to raise" his claim on direct appeal because "waivers of appellate rights are not enforced in appeals, such as [petitioner's], that challenge the process by which the waiver was obtained"). Donato's claim that his plea was involuntary is, of course, a challenge to the process by which his plea was

obtained; this argument could thus have been made on direct appeal. See Indelicato, 2012 WL 1940835, at *2.

    2.    Actual Innocence

Donato also argues that he was innocent of the charge of conspiracy to murder in aid of racketeering, and that this innocence excuses him from the procedural bar. (Pet'r Reply at 10-12.) To demonstrate "actual innocence" a habeas petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327-28 (1995). Donato does not allege any specific facts in support of his claim for actual innocence. He argues only that, if the Government had released the witness letter exposing the supposed "phony murder plot" crafted by Dominick Cicale, Donato would have been able to undermine Cicale's credibility at trial. (Pet'r Mem. at 18-19.) But even assuming that is true, "[a]ctual innocence means factual innocence, not mere legal sufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The witness letter speaks only to Cicale's credibility, not to Donato's innocence, and therefore cannot excuse his procedural default.

## B.    Ineffective Assistance of Counsel

Donato's ineffective assistance claim is not procedurally barred. See Massaro v. United States, 538 U.S. 500, 509 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a . . . proceeding under § 2255."). It is, however, meritless.

To establish a claim based on ineffective assistance of counsel, a petitioner must satisfy the stringent two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). See, e.g., Williams v. Taylor, 529 U.S. 362, 390 (2000). First, under Strickland's "performance"

6

prong, a petitioner must show that trial counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms." Strickland, 466 U.S. at 688. "Constitutionally effective counsel embraces a 'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 690). Second, under Strickland's "prejudice" prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, he must show "a probability sufficient to undermine confidence in the outcome." Id. at 693-94.

Donato bases his ineffective assistance claim on four grounds (see Pet. at 6-7, 9; Mot. to Amend), each of which will be addressed in turn.

        1.    Misrepresentation of the Potential Sentence

Donato claims that counsel led him to believe that the court could sentence him below the twenty-five-year range stipulated to in his plea agreement, and that this was improper because Federal Rule of Criminal Procedure 11(c)(1)(C) bound the court to the sentence set forth in the plea agreement once the court accepted the plea.[2] (See Pet'r Mem. at 6-15.) Donato states that he "genuinely believed" that the possibility of a sentence reduction was "high enough" that he

---

[2]    Rule 11(c)(1) provides, in relevant part, that

    [i]f the defendant pleads guilty . . . to [ ] a charged offense, the plea agreement may specify that an attorney for the government will . . . (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor does or does not apply (*such a recommendation or request binds the court once the court accepts the plea agreement*).

    (Emphasis added.)

relied upon this potential reduction in accepting the plea agreement instead of risking trial. (Id. at 11-12.) He asserts that, "but for counsel's misrepresentations, he would not have pleaded guilty." (Id. at 14.)

As with any other ineffective assistance of counsel claim, in order to succeed here Donato must satisfy Strickland's two-prong performance and prejudice test. See United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). To satisfy the prejudice prong in the plea negotiation context, Donato must show that "there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." Id. (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The Second Circuit has further stated that

> [w]here, as here, [petitioner's] specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the [petitioner] was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea.

Id. (internal quotation marks omitted). Therefore, while a "factual" error—a failure to accurately advise a client about the consequences of a plea offer—may provide a basis for relief, a "predictive" error—a mistaken prediction about the sentence to be imposed—"does not rise to the level of ineffective assistance of counsel." United States v. Diaz, No. 07-CR-003 (BSJ), 2009 WL 4496052, at *3 (S.D.N.Y. Dec. 3, 2009) (citing United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989)).

Donato's claim is based on a letter he received from his counsel, dated September 24, 2008, describing certain aspects of the potential plea agreement. (Sercarz Ltr. (Ex. A to Pet'r Mem. (Docket Entry # 2-2)).) This letter states, in relevant part:

> [Y]ou have agreed to the sentence of 25 years on the pending Indictment and 10 years on the new Indictment, said terms to run concurrently. To argue that some lower sentence would be equally or more appropriate is therefore, a breach of the plea agreement. Of course, *nothing in this agreement prevents the Court from*

.

8

> *determining that a reduced sentence is appropriate with regard to either Indictment.* But if that happens, the government has reserved the right to withdraw or vacate the plea . . . . [W]hile I believe that we should include in our submission every mitigating factor that might cause Judge Garafuis [sic] to decide that a lower sentence was appropriate, it would cross the line for us to advocate for a lower sentence.

(<u>Id.</u> at 2 (emphasis added) (internal quotation marks omitted).)

Donato's claim fails for four main reasons.

First, counsel's letter is entirely consistent with Rule 11(c)(1)(C). It was true that "nothing in [the plea] agreement prevent[ed] the Court from determining that a reduced sentence [wa]s appropriate." (<u>Id.</u>) As the Supreme Court has stated, "Rule 11(c)(1)(C) permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but that agreement does not discharge the district court's independent obligation to exercise its discretion" in evaluating the agreed upon sentence and choosing whether to accept the plea. <u>Freeman v. United States</u>, 131 S. Ct. 2685, 2692 (2011). It is only *after* the court has accepted the plea agreement that the recommended sentencing range becomes binding. <u>See</u> Fed. R. Crim. P. 11(c)(1)(C) (recommended sentence in plea agreement "binds the court once the court accepts the plea agreement").

Second, nothing in counsel's letter should have misled Donato as to the probability that the court would impose a sentence of less than the agreed upon twenty-five years. After stating the uncontroversial proposition that the court would have to conduct its own evaluation of the plea agreement to determine whether a reduced sentence was appropriate, the letter further clarified that, "if that happen[ed], the government ha[d] reserved the right to withdraw or vacate the plea." (Sercarz Ltr. at 2.) And if Donato continued to have any illusions about the likelihood of a reduced sentence, they certainly should have been eliminated during his plea colloquy, when the court informed him that, if it determined that the sentence the parties had agreed upon was

9

reasonable, it would "simply impose that sentence." (Plea Hearing Tr. (Docket Entry # 14-6) at 17.) Thus, Donato was not misled about the "actual sentencing possibilities," Arteca, 411 F.3d at 320, let alone to a degree that counsel's statements "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688.

Third, even if Donato were correct that his counsel was overly optimistic about the possibility of a sentencing reduction (and he is not), this error would be of the "predictive" rather than the "factual" variety, and would thus "not rise to the level of ineffective assistance of counsel." Diaz, 2009 WL 4496052, at *3.

Finally, considering the record as a whole, there is no "reasonable probability that were it not for counsel's [representations, Donato] would not have pled guilty and would have proceeded to trial." Arteca, 411 F.3d at 315. Donato benefited greatly from the plea agreement because: (1) he had already pleaded guilty to two other counts that carried a maximum combined sentence of twenty-five years, and thus faced a potential twenty-five-year sentence on those counts alone whether or not he pleaded guilty to the 2008 charge; and (2) had Donato gone to trial and been convicted of murder in aid of racketeering, he would have face a mandatory sentence of life imprisonment. Cf. Diaz, 2009 WL 4496052, at *4 (considering the "enormous strategic benefit" to the defendant as a factor militating against a finding of prejudice). Donato's assertion that "he would not have pleaded guilty" had he known the real sentencing possibilities (Pet'r Mem. at 14) is merely a "self-serving and conclusory statement" that is insufficient in itself to show prejudice. Arteca, 411 F.3d at 322.

2.     Failure to File an Interlocutory Appeal

Donato also claims that his counsel was ineffective for failing to file an interlocutory appeal or writ of mandamus after the court denied his discovery request for the witness letter.

(Pet. at 7.) But even if such an appeal would have been successful, Donato suffered no prejudice from his lack of access to the letter. As discussed above, the defense had access to the relevant information in the letter, and thus had the information needed to impeach Cicale's credibility and to make an informed plea decision. See Mem. & Order of July 23, 2008, Basciano, Docket Entry # 497, at 7.

### 3. Failure to Investigate the Witness Letter

Next, Donato argues that his counsel was ineffective for failing to investigate the supposedly phony murder plot and the events surrounding the witness letter. (Pet. at 8.) Specifically, he claims that his counsel instructed a private investigator not to "pursue any further inquiries into the Cicale phony murder plot," which "caused [the] investigator to abandon it[s] pursuit of the [witness] letter." (Pet'r Amended Mem. (Docket Entry # 9) at 45.)

It is well-established, however, that counsel is not required "to investigate comprehensively every lead or possible defense." Greiner, 417 F.3d at 321. Once again, Donato had access to the relevant information contained in the witness letter and provides no reason for the court to believe that further investigation would have revealed additional information helpful to his case. Donato speculates that additional exculpatory evidence was "possibly available" (id.), but "such speculation satisfies neither Strickland's deficient performance nor prejudice prongs." McPherson v. Greiner, No. 02-CV-2726 (DLC) (AJP), 2003 WL 22405449, at *25 (S.D.N.Y. Oct. 22, 2003) (alteration omitted); see also Miller v. Boucaud, No. 09-CV-6598 (MAT), 2012 WL 3262426, at *8 (W.D.N.Y. Aug. 8, 2012) (internal quotation marks omitted) ("To successfully assert an ineffective assistance of counsel claim on the basis of failure to investigate, a petitioner must do more than make vague, conclusory, or speculative claims as to what evidence could have been produced by further investigation."); Halo v. United States, No.

11

06-CV-5041 (ARR) (RLM), 2007 WL 1299158, at *13 (E.D.N.Y. Apr. 30, 2007) ("A petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced."). In short, because the court is aware of no reason why further investigation would have been fruitful, it was reasonable for counsel to forego additional investigation and pursue a guilty plea for his client.

        4.      Failure to Request a Continuance

The Government moved Donato's plea acceptance date from August 15 to August 5, 2008. (See Mot. to Amend at 1-2.) Donato asserts that he asked counsel to seek a continuance but that counsel refused. (Id. at 2.) He argues that this decision renders counsel's assistance ineffective because, as a result of the shortened timeframe, (1) Donato did not have adequate time to consult with his family regarding his plea and (2) counsel did not have adequate time to investigate the phony murder plot. (Id. at 1-2.)

These arguments lack merit. For one thing, Donato gives no reason for why he believes that the court would have granted a continuance or that the government would have consented to extend the plea acceptance date. Moreover, Donato's case had been ongoing for more than two years, and the ninth superseding indictment to which he pleaded guilty was returned on April 17, 2008, more than three months before his guilty plea. Donato was thus aware of the charges against him and had more than ample time to consult with his family regarding his plea. As for counsel's ability to investigate the phony murder plot, Donato fails, as discussed above, to make any specific showing as to what this investigation would have produced. In any event, Donato himself claims that counsel had already decided to cease investigating this matter (see Pet. at 8),

and so the court sees no reason to conclude that a continuance would have resulted in further investigation.

## III.   CONCLUSION

For the foregoing reasons, Donato's Petition for Writ of Habeas Corpus is DENIED. Because the court is capable of resolving Donato's claims based on the record and the parties' submissions, Donato's request for an evidentiary hearing, pursuant to 28 U.S.C. § 2255(b), is DENIED. See United States v. Sessa, Nos. 92-CR-351 (ARR) & 97-CV-2079 (ARR), 2011 WL 256330, at *57 (E.D.N.Y. Jan. 25, 2011). His discovery requests are DENIED for the same reason. And because Donato has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      September 18, 2012

NICHOLAS G. GARAUFIS
United States District Judge